Supreme Court—Dugan v. New York and Long Branch R. R. Co.

## PATRICK DUGAN v. NEW YORK AND LONG BRANCH RAILROAD COMPANY.

Argued February term, 1924—Decided May term, 1924.

**Negligence—Employe of Railroad Engaged in Road Repair Work —Question of Interstate or Intrastate Commerce—Not Error for Judge to Charge Regarding the Nature of the Employment—Not a Jury Question.**

On rule to show cause from Monmouth Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *John S. Applegate & Son.*

*Contra, Reilly, Quinn & Parsons.*

PER CURIAM.

The plaintiff, an employe of the defendant company, was injured while assisting in unloading rails from a gondola car at the Cliffwood station. These rails were to be used in repairing the tracks of the company. While one of the rails was being lifted out by a derrick, it struck the side of the car and swerved over against the plaintiff, knocking him down and injuring him, this result being brought about by the fact that the hooks which were attached to the rail spread by reason of the impact with the car, thus allowing the rail to fall.

The action was brought under the federal statute, and the contention is that there should have been a nonsuit or the direction of a verdict, since there was no proof that the plaintiff and defendant were engaged in interstate commerce at the time and place where the accident occurred. We think the fact was otherwise, since it was stipulated and agreed at the trial "that the New York and Long Branch

Railroad Company is a common carrier, selling tickets for carriage of passengers from Long Branch to New York."

Manifestly, therefore, the defendant was engaged in interstate commerce. The work of the plaintiff was a preliminary to the repair of the defendant's tracks, and the unloading of the rails was for that use. In its concrete facts the case is not unlike that of Pederson v. Delaware, Lackawanna and Western Railroad Co., where the plaintiff, who was carrying a sack of bolts and rivets from a tool car to a bridge which was under repair, was run down and injured. It was there held that in doing his work the plaintiff was engaged in interstate commerce and intrastate commerce conjointly, the railroad bridge being used for the transporation of both kinds of commerce, and that while he was carrying the nuts and bolts from the car to the bridge which was being repaired, the plaintiff was engaged in a necessary preliminary to the actual repair of the bridge itself, and was thus engaged in interstate commerce at the time of the happening of the accident.

It is urged that the court erred in charging the jury that the plaintiff was engaged in interstate commerce at the time of the accident, instead of leaving that question as one of fact to be determined by the jury. We think, however, there was no error in that respect, since the facts connected with the happening of the accident and the work in which the plaintiff was engaged at the time were not in dispute.

The next point is that there should have been a nonsuit, because there was no proof of negligence on the part of the defendant. Under the well-settled rule the question thus presented was clearly one for the determination of the jury, particularly so in this instance, as under the federal act the alleged negligence of a fellow-servant presents no legal defense.

The rule will be discharged.